UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FREDERICK TERRY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 13-CV-2178 |
| CHAREE SANGSTER, et al., | ) ) | |
| Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se from his detention in the Jerome Coombs Detention Center, seeks leave to proceed in forma pauperis on claims arising from a delay in diagnosing and treating a MRSA infection Plaintiff contracted in January 2013.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" <u>Alexander v. U.S.</u>, 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

In early January 2013, while detained in the Jerome Coombs Detention Center, Plaintiff submitted a written sick call request regarding a painful swelling and outbreak on his right arm. He received no response. On January 8, 2013, Plaintiff showed his infected arm to Nurse Sangster, who told Plaintiff it was a skin rash and advised Plaintiff to put a warm towel on the infected area. Plaintiff continued to suffer from severe pain, swelling, and oozing, complaining every day for about one week.

On January 14, 2013, Physician Assistant Tiniki White took a sample from Plaintiff's arm. A few days later White prescribed Motrin and antibiotics. On or around January 17, 2013, White observed that the area of infection on Plaintiff's arm had opened, exposing inner flesh. Pictures were taken, the area was covered, and Plaintiff was informed that he had contracted a MRSA infection. The infection left a permanent scar on Plaintiff's arm.

Plaintiff states an arguable claim for deliberate indifference to his serious medical need for a prompt diagnosis and treatment of his MRSA infection. Plaintiff alleges that the delay was caused in

part by the policies or practices (or lack thereof) of the jail. Accordingly, Defendants Downey and Kolitwenzew, the administrators of the jail, will remain as Defendants.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states claims for deliberate indifference to his serious need for prompt diagnosis and treatment of his MRSA infection during January 2013. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) **If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

3) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

5) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that

Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 26, 2013, at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Defendant pursuant to this District's standard procedures.**

ENTERED:   September 19, 2013

FOR THE COURT:

                                    **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE